UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  No. 03-cv-01041-PSF-BNB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID B. ST. GERMAIN, and
RANDY OVERLEY,

    Defendants.

---

### Declaration of Randy Overley

---

I, Randy Overley, state as follows:

1.    I am one of the defendants in the above-captioned action. I am submitting this declaration in support of a motion for summary judgment being filed on July 22, 2005.

2.    I reside in a log home located at 975 North Castlewood Canyon Drive, Franktown, Colorado. The log home is the subject of the action.

3.    In January 2000, Mr. St. Germain ceased all activities relating to construction of the log home. At that time, the log home was a shell. It had a foundation, walls, a roof and a few installed windows. Among other things, the interior was unfinished; doors were not installed; other than a few windows, windows

Exhibit A-4

were not installed; flooring had not been installed; no plumbing or electrical fixtures had been installed; the roof had no shingles; no landscaping was completed; there was no interior decor; the outdoor deck was not installed.

    4.    When Mr. St. Germain ceased working on the construction of the log home, I was working full time running a business. I had two choices with regard to the log home project: I could abandon the project and liquidate it to pay down the mortgage as much as possible, or I could undertake the burdens of financing and constructing the log home. I chose the latter.

    5.    Sometime after January 2000, the government commenced probation-revocation proceedings against Mr. St. Germain. Neither I nor my counsel participated in any of the proceedings. I was never served with copies of any pleadings or papers filed in the proceedings.

    6.    Prior to the commencement of this civil action, neither Mr. St. Germain nor the plaintiff ever notified me that either believed it had an ownership interest in 100 percent of the log home; as to the plaintiff, it never notified me that it believed it had an ownership interest for itself or on behalf of another entity in connection with the log home. After I gave my January 2001 deposition in connection with the criminal case and testified truthfully in that deposition, I believed that all matters between me and St. Germain were resolved for good.

2

7. Between January 2000 and the commencement of this civil action, I've made all mortgage payments; I've acted as the general contractor for the construction of the home, expending hundreds of hours in this role; additionally, I've expended hundreds of hours and used my skill and knowledge to construct and finish portions of the home; I've upgraded numerous items in the home beyond what Mr. St. Germain and I had discussed in 1999; I have expended more than $225,000 of my own money toward construction and finishing of the log home; and I spent tens of thousands of dollars decorating the home after I moved in.

8. The agreement I had with Mr. St. Germain in 1999 was that I would secure a construction loan of $330,000 and Mr. St. Germain would pay for any costs exceeding the loan amount. I approved all draws on the construction loan. During the course of his Mr. St. Germain's involvement in constructing the log home, he did not tell me of, and I was unaware of, his out-of-pocket expenditures in connection with the log home.

9. If I had known in January 2000, or at any time before completion of the log home, that the plaintiff or Mr. St. Germain would claim an interest in the log home, I would have immediately ceased construction—and my contributions of money and time toward completion of the log home—and asked a court to intervene to determine the parties' interests, rights and obligations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 22, 2005.

_____
Randy Overley