April 4, 2003

Attorney Walter Lupan
Grassia, Murphy and Lupan
5 Commonwealth Rd.
Natick, MA 01760

Re: 99CR408-N

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR - 7 2003

TED R. MANSPEAKER
CLERK

Dear Mr. Lupan:

I'm writing you in reference to the court ordered restitution obligation (joint & several with my co-defendants Marc Loiselle & Joseph Coakley) and the remaining balance owed to your client, Metro West Bank, formerly known as Framingham Savings Bank.

As you know from the many letters that I've sent AUSA Chris Alberto, all of which you were copied, I have been diligently pursuing the collection and payment of the restitution, to no avail. For whatever reason, Mr. Alberto has not found the time to utilize the information, which I've provided to him long ago, to effectuate the payment of the outstanding balance to your client, from my assets. According to my records, that amount is approximately $400,000. This balance takes into account all payments made by myself, as well as my co-defendants, Loiselle and Coakley, while on probation. It also takes into account the $100,000 paid by Mr. Coakley, in addition to the $60,000 he has agreed to pay in monthly installments of $2,000 over 30 months. As you know, this $60,000 is secured by Mr. Coakley's personal residence in Lake Worth, Florida.

Reference is made to two telephone conversations you and I had regarding the status and collection efforts of the remaining $400,000 balance, on January 9th and 16th of this year. You indicated to me that you were not handling the collection efforts and that, in fact, the entire matter was in the hands of Mr. Alberto.

As you know, I have provided AUSA Alberto with cancelled checks and paid cash receipts totaling close to $110,000, representing my investment in a certain log home in Franktown, Colorado. In addition, the person with whom I share a 50 – 50 ownership, Randy Overley, has stated under oath in a deposition taken by Mr. Alberto, that indeed, I do own 50% of this property. This is in spite of the fact that registered and recorded ownership of the house is only in Mr. Overley's name. The receipt by Mr. Alberto of these cancelled checks and cash receipts, as well as the deposition, took place in January/February of **2000**.

To date, as you are no doubt aware, Mr. Alberto has prepared two draft lawsuits against Mr. Overley. The initial complaint was prepared in August of 2001 and the most recent one (nearly a duplicate of the initial one), was prepared in approximately September of 2002. Why, either settlement negotiations or the filing of a lawsuit has not commenced against Mr. Overley to date, I do not know. This log home has a market value of close to $900,000, with over $400,000 in equity. There is obviously money of your client's sitting on the table, waiting to be collected. Yet, it seems that those in a position to take action, that would most certainly result in the payment of a substantial amount, if not all

EXHIBIT A-6

of the money due your client, are simply too busy (for over 3 years now) to give this matter the attention it needs.

I'm sure that, as the attorney for the bank, this is a matter of most importance to you. After all, it is a $400,000 matter; no small sum. If AUSA Alberto (as head of the Financial Litigation Unit) is lax in his collection efforts, I have to wonder why you would not either prod him into action, or file a complaint on behalf of the bank, yourself.

I have recently spoken to my former attorney, Bill Cohan regarding this matter. Although I am presently representing myself, pro se, we did discuss the possibilities of filing a lawsuit against Overley ourselves. Mr. Cohan did indicate that he would strongly consider doing so on a contingency basis, if Mr. Alberto and yourself did not object. Obviously, this course of action would result in significantly less money being applied towards the restitution, after deducting legal fees.

Walter, my interest in all of this is simple. It is my hope to, at some point, earn the right to ask probation to lift some of my restrictions. I don't believe that I will be successful as long as I have an outstanding restitution balance. Thus, I am very motivated and intent on seeing that the equity that I have in the log home, as well as the Parker Place office complex (in Aurora, Colorado), goes towards satisfying this obligation.

Speaking of Parker Place (of which I own one-third, non-recorded), there is another $90,000 there waiting to be collected by Mr. Alberto, on behalf of your client. As I've stated in previous letters to Mr. Alberto, of which you were copied, Bill Pierce has told me of his and Scott Lambert's frustration with trying to consummate the agreement in place for a $90,000 settlement. They have signed a letter of intent, as well as the agreement itself, approximately 4 months ago. Yet, for whatever reason, Mr. Alberto's office has not signed the agreement nor responded to phone calls. Mr. Alberto's office prepared this agreement, not Pierce/Lambert. Again, I have to wonder why you wouldn't be actively involved in this matter.

I have tried to obtain a status update from Mr. Alberto on numerous occasions, to no avail. He has not returned any of my 9 telephone calls since January. If there are any developments, or anything that I can do to assist in the collection of these monies from these two assets, please let me know. It is my intent to do everything that I can in order to satisfy this restitution obligation. Also, please tell me of your position regarding the filing of a complaint against Overley by Mr. Cohan and myself.

My contact information is as follows:

17596 E. Bellewood Circle
Aurora, CO 80015
Tel. (303) 475-3938

Sincerely,

David B. St. Germain

Cc: Suzanne Juarez, Sr. US Probation officer
 Judge Edward Nottingham
 Paula Watson, Metro West Bank Legal Dept.
 Irene Schmidt, Metro West Bank