FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
MAY 2 2002
JAMES R. MANSPEAKER
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 99-CR-408-N

UNITED STATES OF AMERICA,

Plaintiffs,

vs.

DAVID B. ST. GERMAIN,

Defendant.

---

**DEFENDANT DAVID B. ST. GERMAIN'S STATUS REPORT PURSUANT TO COURT'S ORDER ENTERED ON MARCH 20, 2002**

---

Defendant David St. Germain, by and through undersigned counsel, William A. Cohan of the law firm of WILLIAM A. COHAN, P.C., hereby submits his status report pursuant to the Court's Order entered on March 20, 2002.

1. As conceded in Assistant U.S. Attorney Christopher Alberto's declaration attached to Government's Motion for Reduction of Sentence, Mr. St. Germain has provided all the information which is available to him to help the government obtain at least a significant portion of the restitution imposed against him; vigorous pursuit of the claims, defendants and facts provided by Mr. St. Germain would probably yield funds sufficient to satisfy the entire restitution obligation.

2. Your undersigned has made dozens of telephone calls to Mr. Alberto and several





EXHIBIT A-17

to counsel for the victim Bank's attorney Walter Lupan, Esq. as part of persistent and repeated efforts to facilitate collection of sums to be credited towards Mr. St. Germain's restitution. Regrettably, the Bank and the government have done virtually nothing to pursue collection.

3. The combination of the Court's refusal to release St. Germain based on the lack of collection and the government's inertia is grossly unfair to Mr. St. Germain, since he has provided an enormous amount of information to the Bank and AUSA Alberto to pursue collection of the funds to be credited to his restitution obligation. Accordingly, Mr. St. Germain should be released, in order to enable him to make an effective effort to collect these monies by pro se litigation.

4. Although the government has admitted that St. Germain has provided all this information, the government has failed to pursue collection of these monies with reasonable diligence.

5. If the Court continues to link St. Germain's liberty to the collection of the restitution, then the Court should permit St. Germain to pursue collection. While confined, Mr. St. Germain has no means to pursue the individuals who have the funds and/or real property which should be pursued and applied to his restitution. Accordingly, the Court should release St. Germain in order to permit him to pursue his claims against Randy Overley, Scott Lambert and Bill Pierce (see references to these individuals in Mr. Alberto's declaration attached to the government's motion for reduction of sentence). Mr. St. Germain will be required to proceed pro se or to seek counsel to pursue said claims. Your undersigned has represented Mr. St. Germain pro bono for the last 14 months and will not pursue these claims.

WHEREFORE, Defendant David St. Germain respectfully submits his status report

pursuant to Court Order entered on March 20, 2002, and requests his immediate release to pursue his claims aforesaid.

RESPECTFULLY SUBMITTED this 1st day of May, 2002.

WILLIAM A. COHAN, P.C.

By: William A. Cohan
William A. Cohan (#7426)
8910 University Center Lane, Suite 550
San Diego, CA 92122-1026
(858) 550-9095
(858) 550-9049 (FAX)

Attorney for Defendant
DAVID B. ST. GERMAINE

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of May, 2002, I did deposit a true and correct copy of the foregoing, DEFENDANT DAVID B. ST. GERMAIN'S STATUS REPORT PURSUANT TO COURT'S ORDER ENTERED ON MARCH 20, 2002, with sufficient postage affixed thereto, addressed to the following:

THOMAS O'ROURKE, ESQ.
Assistant U.S. Attorney
1225 - 17TH Street, Suite 700
Denver, CO 80202

MICHAEL WILSON
U.S. Probation Officer
1961 Stout Street, Suite 525
Denver, CO 80294

Alicia Cervera