January 23, 2003

Assistant US Attorney Chris Alberto
US Courthouse
1 Courthouse Way-Suite 9200
Boston, MA  02210

Dear Mr. Alberto:

Thank you for taking the time to talk with me the other day (Jan. 21). The purpose of my telephone call was to offer up my complete assistance and full cooperation as to your efforts to collect funds to be applied against my restitution (approximate $400K remaining balance). As I mentioned, I twice spoke with Walter Lupan (1/9 & 1/16) regarding the status on the pending Randy Overley lawsuit, as well as the tentative Scott Lambert settlement and he told me that it was "out of his hands" and that you were the one handling them.

The reason for this letter is to memorialize our conversation with the hopes that the restitution collection efforts will begin to pick up speed. You did confirm that indeed, you were the one handling these matters and that your office had prepared two(2) Overley lawsuit drafts during the 21 months I was away (the most recent being 4-5 months ago), but nothing had yet been filed. The reason you stated for this holdup was due to "bureaucratic delays". You further indicated that the person working on the finalizing and the filing of this lawsuit was away at a seminar and won't return for one week, at which point you will ask her to focus on this Overley lawsuit.

It was suggested by me that, if your office were to subpoena several of Overley's family members as to their knowledge of the employment and log home ownership arrangement between myself and Randy, it would more than likely bring Overley promptly to the settlement table, as was the case with Joseph Coakley. You have in your file a document from me describing Overley's family members' involvement with the employment/log home ruse (Nadine: mother - Kim: sister - Larry: brother). I am enclosing a copy for your convenience. Randy is a wealthy individual who has the liquid assets to settle this matter immediately. Because the last thing he wants is to involve his family in legal proceedings, he will likely do what he has to in order to avoid it.

Also, during our conversation I told you that I recently spoke with Bill Pierce regarding the status of the tentative settlement agreement your office has with him and Scott Lambert. He indicated to me that he and Scott were ready, willing and able to consummate that agreement. In fact, they have submitted a letter of intent to you stating such. You replied that my information was correct and that again the delay was that of a bureaucratic one on the part of the US Attorney's office. You also stated that, in fact, Attorney David Miller (Lambert's attorney) had called you and left a message on 1/20, presumably to inquire as the agreement.

Mr. Alberto, please understand that my only intention with telephoning you regularly (which you can expect) and memorializing our conversations is to help expedite the restitution collection efforts. Judge Nottingham was good enough to release me from the BOP with "time served", when he could have let me sit there much longer. I believe it was his intention to allow me the opportunity to do everything I can to see to it that this money gets collected. I intend to show him that he made the correct decision.

As you know, the restitution issue is also of paramount importance to probation. I also aim to keep Suzanne Wall Juarez (my probation officer) fully apprised of everything I am doing, particularly as to my efforts to recover the restitution.

As you could tell from the chainsaws in the background during our telephone conversation (and as I explained), I am working for a tree/shrub trimming and removal company. As you can guess, this is not a new career move for which I have any passion for. Due to my numerous restrictions, it is the type of temporary work I must do for now. It is my hope that as time moves along, my conduct will provide the level of satisfaction to Judge Nottingham and Ms. Wall-Juarez whereby they will see it as fair to consider the removal of some of the restrictions placed against me.

I very much appreciate your offer of support as to my being allowed to be self employed and/or to re-enter the field of real estate as my occupation. It is my hope that you will stand behind that offer when I have earned the right to ask for that chance. As you stated, it is where my abilities lie and it is what I have done, mostly with success, for 20 years. At my age and with so many layoffs, especially here in Colorado, I'm finding it extremely difficult to find a halfway decent paying job in another field, especially as an inexperienced 44 year old felon.

Again, you have my full and complete assistance in your efforts to move forward in collecting the restitution from the assets of which I am part owner. Hopefully, my assistance will expedite the, thus far, painfully slow and bureaucratic process. As I mentioned, the telephone number to reach me at any time is ~~720-289-4062~~. Please don't hesitate to call.   303-475-3938

Sincerely,

David B. St. Germain
Care of:  Tim Hollar
          17596 E. Bellewood Cir.
          Aurora, CO  80015

CC:  Judge Nottingham
     USPO Suzanne Wall Juarez
     AUSA Tom O'Rourke
     Atty. William Cohan
     Atty. Walter Lupan

February 6, 2003

AUSA Christopher Alberto
U.S Courthouse
1 Courthouse Way
Suite 9200
Boston, MA  02210

Dear Mr. Alberto:

Thank you for responding to my letter of January 23. Although I can understand that by copying Attorney Cohan, you might draw the inference that he is still representing me. But that is not the case. Bill was good enough to pursue my release from Sandstone on a pro bono basis, but as of the time of my release (12/19/02), he ceased functioning in that capacity. Although I would like to continue to retain him, financial constraints preclude me from doing so at this time. The only reason I copied him was to keep my file, which presently remains in his possession, current and up to date with any new correspondence. To confirm this, I have this day telephoned his office and asked that he forward a brief letter to your office stating such.

As to the small portion of my letter regarding our telephone conversation about my hopes of someday earning the right to ask to have some of my restrictions lifted, (including real estate related restrictions), I was merely referencing your lack of opposition to it, which you did infer. In no way did I think that we had entered into any kind of an agreement.

But that was not the point of my letter, or of our telephone conversation. The point was that I was inquiring as to the delay in filing the Overley lawsuit. Your letter stated that this civil action has not been on hold for 21 months, and I stand corrected. However, it has been on hold for 18 months. As the enclosed letters show, your office prepared the initial draft complaint in August of 2001. Although the most recent draft of this lawsuit is now over 5 months old, it is, by and large, a duplicate of the initial complaint. My questions remain; Why has it still not been filed?, and, Why haven't any subpoenas been issued?, which would certainly expedite settlement negotiations.

The other major point of my letter was to inquire why there has been a delay on the part of your office in executing the Lambert/Pierce deal for $90,000. Mr. Pierce tells me that he and Mr. Lambert have signed a letter of intent, as well as the agreement and are waiting for a signature from your office so they may forward a check and remove this litigation from their concerns. I am also told by Mr. Pierce that their attorney, David Miller has left numerous messages with you, in regard to same, and that those messages have gone unanswered.

Mr. Alberto, my intention is not to spar with you over these items. You are the lawyer and I am not. I would not prove to be much competition for you. I'd like to think we are on the same team, in spite of the fact that you are naming me as a defendant in the Overley complaint (although I assume that is necessary, I'm not sure why). Rather my

intent is to simply inquire as to the status and the reasons behind any delays. It is also to offer any and all assistance I may be able to provide in helping to move things along, as I do have a vested interest in seeing that the restitution is paid as soon as possible.

In case you did not get my most recent message, my new telephone number is 303-475-3938.

Again, I will be representing myself in these matters and would appreciate being kept in the loop. Once you have received confirmation from Mr. Cohen's office that he is not representing me at this time, please call me with an update.

Sincerely,

David B. St. Germain

Cc: The Hon. Judge Edward Nottingham
    USPO Suzanne Wall Juarez
    AUSA Thomas O'Rourke
    Attorney Walter Lupan

February 26, 2003

**FILED**
UNITED STATES DISTRICT COURT

FEB 2 8 2003

AUSA Chris Alberto
US Courthouse
1 Courthouse Way
Suite 9200
Boston, MA 02210

_____ER
CLERK

Dear Mr. Alberto:

00-CR-408-N

I am writing to memorialize my efforts in the collection of restitution monies from my assets (namely Parker Place office complex and the Log Home in Franktown, CO), and your responses to my status requests.

As to the Log Home, I have made numerous inquiries as to why the draft lawsuit against Randy Overly (and myself), initially prepared in August of 2001, has still not been filed and I am still wondering when that will happen. I have also inquired as to why the suit has not yet been filed and I have been told that "bureaucratic delays" have been the cause.

As to Parker Place, I have stated to both you and Patrick Ormond that it was communicated to me by Bill Pierce that both he and Scott Lambert are ready, willing and able to consummate the $90,000 settlement agreement that they have already signed, along with a letter of intent. They are only waiting for your office to execute the agreement and have been waiting for several months. I was also told that the reason this agreement has not been executed was due to the "bureaucratic delays" of your office.

In your letter to me dated early February, you stated that you could not communicate directly with me until you received a letter from my former attorney, Bill Cohan, that he was no longer representing me. On 2/12/03, Mr. Cohan's assistant, Alicia Cizneros, stated to me that such a letter went out to you on 2/7/03. Thus, I am hereby stating to you that I am not represented by Mr. Cohan, or any other attorney. As per your requirements, as of 2/7/03 you can legally and ethically communicate directly with me regarding the above matters.

Since my last letter to you, dated 2/6/03, I have put forth the following efforts in collecting the restitution:

2/10/03 – Initiated a telephone call to your extension and left a message requesting status on the above mentioned matters. I also offered my help in any way necessary. I received no return call.

2/17/03 – Initiated a telephone call to your extension and left a message that Attorney Cohan's office had sent a letter of non-representation to you on 2/7/03. I also requested a status on the above mentioned matters as well as offered my assistance in any way necessary. Again, I received no return call.

2/19/03 – Initiated a telephone call to your extension and left another message requesting a status on the Overley and Lambert matters. Again I offered my assistance and inquired why you were not returning my telephone calls. I received no return call that day or the next.

2/21/03 – I received a call from Patrick Ormond of your office. He stated that you had asked him to return my call, which I appreciate. However, he had no current knowledge as to the status of the Overley or Lambert matters. As a matter of fact, I had more information than he did on the matters. He did tell me that you indicated to him that you would have an update of some sort by mid-March. I will take that to mean March 15, 2003, give or take a few days.

I have communicated my efforts to Suzanne Juarez, my probation officer, both in writing and verbally. She understands my frustration and has suggested that she would probably initiate a telephone call to your office in an attempt to acquire the status update that I have failed to receive.

Mr. Alberto, I apologize if I am becoming a nuisance as to these matters. It is not my preference to become one, however, my main concern is to do what I can in order to effectuate a restitution settlement sooner, rather that later. I know you are a very busy individual and I'm sure that you are inundated with a large number of other important cases, but as I'm sure you can understand, I'm only doing what I can to move these matters to the top of your pile.

As I'm sure you can surmise, I am documenting all of my collection efforts, as well as your responses for a reason. Hopefully, you will be able to find the time necessary to close out these long pending matters very soon.

I remain accessible for updates and assistance at:

17596 E. Bellewood Circle
Aurora, CO  80015
Tel. 303-475-3938.

Thank you in advance for your attention to these matters.

Sincerely,

David B. St. Germain

Cc: Honorable Edward W. Nottingham
    AUSA Thomas O'Rourke
    USPO Suzanne Wall Juarez
    Attorney Walter Lupan

April 4, 2003                 RE: 99CR408-N

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

APR - 7 2003

JAMES R. MANSPEAKER
                CLERK

AUSA Christopher Alberto
U.S. Courthouse
1 Courthouse Way - Suite 9200
Boston, MA 02210

Dear Mr. Alberto:

I have been unsuccessful in trying to reach you via telephone. Although I have most recently left messages on your voicemail on March 17th, 20th, 24th and 31st, I have not received a return call. Considering the fact that your office has named me as a defendant in the draft Overley lawsuit, and I am representing myself pro se, it seems to me that basic professional courtesy would warrant a return call. Perhaps I am wrong.

I was hoping that the fact I am the person who has supplied your office with the statements, information and documentation (cancelled checks and paid cash receipts) providing you the basis for your draft complaint and the evidence needed to prove my ownership interest in the Overley log home in Franktown, Colorado, would also warrant a return call.

As you know, I am simply calling to inquire as to the status of your collection efforts from the log home and Parker Place asset, of which I am also a part owner. It seems to me that I am going to be asked to sign off on any ultimate settlements or payment agreements as to these two assets, yet you feel it appropriate not to return one of my 9 telephone calls since January 29th.

However, I am not writing to dwell on the same things I have been dwelling on, to no avail, in past letters and phone calls. I have recently spoken to Attorney Bill Cohan regarding the inactivity regarding Overley and Lambert and we discussed filing a complaint against Overley ourselves. Although I am currently representing myself pro se, Mr. Cohan indicated he would strongly consider filing suit on a contingency basis, to which I would have no problem. Obviously, this would mean less money being applied towards the restitution if successful, however, this outcome would be more favorable than the current status quo.

If you are not in favor of Mr. Cohan and myself taking this course of action, please contact me and inform me of such within the next 2 weeks. Absent hearing from you, we will assume that you have no problem with this and we will likely commence with preparing a complaint.

Otherwise, if there is any way that I can assist with these matters, I would be happy to do so. Please contact me with any recent developments and a status update.

Sincerely,

David B. St. Germain

Cc: Suzanne Wall Juarez, Sr. US Probation officer
    AUSA Thomas O'Rourke
    Judge Nottingham