OCT. 5.1999   4:11PM   CHERRY CREEK TITLE                                    NO.133   P.3

## OPTION TO PURCHASE REAL PROPERTY

Option given October 11, 1999, by Randy Overley, of 2731 W. Wolfensberger Rd., Sedalia, Colorado 80135, ("Optionor"), to David St. Germain or his Assignee, of 2600 S. Parker Rd., Ste. 6-262, Aurora, Colorado 80014, ("Optionee").

### Section 1
### Grant of Option

Optionor, in consideration of $25,000.00 paid by Optionee to Optionor, receipt of which is acknowledged by Optionor, grants to Optionee the exclusive right and option to purchase, on the following terms and conditions, that real property at 975 Castlewood, Drive, Franktown, Colorado 80116, and legally described as follows:

See Exhibit "A"

### Section 2
### Option Period

The term of this option shall commence on October 11, 1999, and continuing until close of business on January 1, 2005. 3

### Section 3
### Purchase Price and Application of Consideration To Purchase Price

The full purchase price of the property is $355,000.00, which amount shall be payable as provided in this agreement if Optionee elects to exercise this option. The purchase price will be paid in the following manner: Optionee shall assume the existing Promissory Note and Deed of Trust (the "Loan") in favor of First Bank of Douglas County which has a current outstanding principal balance of $330,000.00 with the remaining balance of $25,000.00 to be credited to Optionee from the consideration paid for this Option.

### Section 4
### Exercise of Option

Optionee may exercise this option by giving Optionor written notice, signed by Optionee, before the time set for expiration. Within three (3) days after receipt of such notice, Optionee and Optionor shall enter into a Residential Contract to Buy and Sell Real Estate which shall set forth the closing date, date of possession and all other relevant deadlines in more specificity. At closing, Optionor shall deliver to Optionee, upon payment of good funds in the amount of the purchase price, less any amount already paid by Optionee, a general warranty deed to the property and shall execute any and all documents necessary to complete the closing as required by the title insurance company which closes the transaction.

EXHIBIT A-24

OCT. 6.1999    4:12PM    CHERRY CREEK TITLE                              NO.133    P.4 6

## Section 5
## Proof of Title

Optionor shall, at his expense, furnish Optionee a policy of title insurance, written by a title insurer acceptable to Optionee, insuring the title to the property to be free and clear of all defects except those specifically mentioned herein.

Title to the property shall be conveyed free and clear of all encumbrances except the following: **Deed of Trust in favor of First Bank of Douglas County with a current outstanding principal balance of $330,000.00.**

The real property taxes on the property, whether a lien or not, assessed or to be assessed for the year in which this transaction is finally consummated shall be prorated between the parties to the date of delivery of the deed; if such taxes are not ascertainable at the time of delivery of the deed of conveyance, the amount of the prior year's taxes shall then be used as a basis of proration. All special assessments, if any, shall be paid by optionor, whether the same be payable in a lump sum, in installments, or otherwise.

## Section 6
## Assumption of Existing Promissory Note and Deed of Trust

It is the intention of the Optionee to assume the rights and obligations of Optionor's existing Loan upon exercise of this option. In the event that Optionee is unable to assume the Loan for any reason at the time this option is exercised, the Parties agree that Optionee will execute, and Optionor will accept, a Wrap-Around Promissory Note and Wrap-Around Deed of Trust executed by Optionee and in favor of Optionor regarding the Loan.

The amount of the Wrap-Around Promissory Note shall be the same as the then outstanding principal balance of the Loan. Furthermore, the terms of said Wrap-Around Promissory Note and Wrap-Around Deed of Trust shall be exactly the same as the terms of the Loan and Optionor shall not claim any principal or interest in excess of that owed under the Loan at the time this option is exercised.

## Section 7
## Failure To Exercise Option

If Optionee does not exercise this option in accordance with its terms and within the option period, this option and the rights of Optionee shall automatically and immediately terminate without notice. In the event Optionee fails to exercise this option, Optionor shall retain the sum paid as consideration for this option.

### Section 8
### Notices

All notices provided for in this agreement shall be deemed to have been duly given if and when deposited in the United States mail with proper and sufficient postage affixed, properly addressed to the party for whom intended at the party's above listed address, or when delivered personally to such party.

### Section 9
### Time of Essence

Time is of the essence of this option.

### Section 10
### Binding Effect

This option shall be binding upon and shall inure to the benefit of the parties to it, and to their respective heirs, successors, or assigns.

In witness, the Optionor has executed this option the day and year first above written.

_____
Randy Overlee

STATE OF COLORADO   )
                    )SS.
    COUNTY OF       )

I hereby certify that the foregoing Option to Purchase Real Property was acknowledged to before me this ____ day of October, 1999 by Randy Overley.

Witness my hand and official seal.
My commission expires:

_____

3

OCT. 5.1999  4:12PM   CHERRY CREEK TITLE                           NO.133   P.6

# EXHIBIT "A"

**PROPERTY DESCRIPTION:**

A PARCEL OF LAND LOCATED IN THE SW1/4 OF THE NE1/4 OF SECTION 3, TOWNSHIP 8 SOUTH, RANGE 66 WEST OF THE 6TH PRINCIPAL MERIDIAN, COUNTY OF DOUGLAS, STATE OF COLORADO, BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT THE SOUTHEAST CORNER OF THE SW1/4 OF THE NE1/4 OF SAID SECTION 3, AND CONSIDERING THE EAST LINE OF THE SW1/4 OF THE NE1/4 OF SAID SECTION 3 TO BEAR NORTH 00 DEGREES 07'28" EAST WITH ALL BEARINGS CONTAINED HEREIN RELATIVE THERETO; THENCE NORTH 00 DEGREES 07'28" EAST ALONG THE EAST LINE OF THE SW1/4 OF THE NE1/4 OF SAID SECTION 3 A DISTANCE OF 859.42 FEET; THENCE NORTH 89 DEGREES 25'46" WEST A DISTANCE OF 60.00 FEET TO A POINT ON THE SOUTHERLY RIGHT OF WAY OF CASTLEWOOD DRIVE; THENCE ALONG THE SOUTHERLY RIGHT OF WAY OF CASTLEWOOD DRIVE THE FOLLOWING 7 (SEVEN) COURSES:

1. NORTH 89 DEGREES 25'46" WEST A DISTANCE OF 177.33 FEET TO A POINT OF CURVE;
2. ALONG THE ARC OF A CURVE TO THE RIGHT HAVING RADIUS OF 174.66 FEET, A CENTRAL ANGLE OF 41 DEGREES 38'06", AN ARC LENGTH OF 126.92 FEET;
3. NORTH 47 DEGREES 47'40" WEST A DISTANCE OF 141.15 FEET TO A POINT OF CURVE;
4. ALONG THE ARC OF A CURVE TO THE LEFT HAVING A RADIUS OF 116.00 FEET, A CENTRAL ANGLE OF 37 DEGREES 48'37", AN ARC LENGTH OF 76.55 FEET;
5. NORTH 85 DEGREES 36'10" WEST A DISTANCE OF 134.55 FEET TO A POINT OF CURVE;
6. ALONG THE ARC OF A CURVE TO THE LEFT HAVING A RADIUS OF 126.06 FEET, A CENTRAL ANGLE OF 21 DEGREES 45'46", AN ARC LENGTH OF 47.88 FEET;
7. SOUTH 72 DEGREES 38'04" WEST A DISTANCE OF 196.07 FEET;

THENCE SOUTH 00 DEGREES 07'51" WEST A DISTANCE OF 297.96 FEET; THENCE SOUTH 85 DEGREES 54'57" EAST A DISTANCE OF 553.95 FEET; THENCE SOUTH 00 DEGREES 07'51" WEST A DISTANCE OF 237.52 FEET TO A POINT ON THE SOUTH LINE OF THE SW1/4 OF THE NE1/4 OF SAID SECTION 3; THENCE CONTINUING SOUTH 00 DEGREES 07'51" WEST A DISTANCE OF 33.00 FEET; THENCE NORTH 89 DEGREES 26'02" EAST AND PARALLEL WITH THE SOUTH LINE OF THE SW1/4 OF THE NE1/4 OF SAID SECTION 3 A DISTANCE OF 568.87 FEET TO A POINT ON THE EAST LINE OF THE NW1/4 OF THE SE1/4 OF SAID SECTION 3; THENCE NORTH 00 DEGREES 07'36" EAST ALONG THE EAST LINE OF THE NW1/4 OF THE SE1/4 OF SAID SECTION 3 A DISTANCE OF 33.00 FEET TO THE POINT OF BEGINNING.

EXCEPT FOR ANY PORTION THEREOF DESCRIBED IN BOOK 402 AT PAGE 226 AND EXCEPT A RIGHT OF WAY FOR COUNTY ROAD NO. 51 OVER THE EAST 60 FEET THEREOF.

CONTAINING 12.67 NET ACRES, MORE OR LESS.