IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Case No. 03-cv-01041-PSF-BNB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID B. ST. GERMAIN, and
RANDY OVERLEY,

    Defendants.
_____

## ORDER ON PENDING MOTIONS

This matter comes before the Court on the Motion for Summary Judgment filed by Defendant Overley on July 22, 2005 (Dkt. # 85), the Motion for Leave to File Trial Briefs filed by Defendant Overley on August 1, 2005 (Dkt. # 89), and the Motion to Continue the Trial and the Final Trial Preparation Conference filed by the Plaintiff United States on August 23, 2005 (Dkt. # 96), and the Motion for Oral Argument on Summary Judgment motion filed by Defendant Overley on August 25, 2005 (Dkt. # 99).

**PROCEDURAL BACKGROUND**

The factual background of this Case is set forth in this Court's Order entered April 4, 2005 and need not be repeated here. The Order granted, in part, Defendant Overley's motion to dismiss and dismissed Counts III and IV of the Amended Complaint, and denied his motion as to Counts I and II, leaving intact the plaintiff's claims for declaratory relief and the imposition of a constructive trust on the real estate

in which Defendant St. Germain was alleged to have an equitable or legal interest. As the remaining matters were equitable in nature, the Court in the same order set this case for a four-day trial to the Court commencing September 12, 2005.

Defendant Overley's Motion for Summary Judgment now requests an order dismissing the remaining claims asserted against him.  Defendant asserts two grounds in support of his motion.  First, he argues that the plaintiff's equitable claims are barred by the doctrine of laches as the government waited too long to file the suit against him after first having some reason in January 2000 to believe that St. Germain might have an interest in the real estate at issue.  Second, he argues that the relief sought by plaintiff, namely a declaration that St. Germain has a legal or equitable interest in the property, or imposition of a constructive trust or order transferring that interest to the plaintiff in partial satisfaction of a restitution order entered against St. Germain, is an inequitable remedy not supported by any cognizable legal or equitable theory.

As to his first argument, Defendant Overley asserts that as of January 2000 the log home was a mere shell that had little or no value.  He also asserts that as of January 2000, St. Germain had ceased all of his activities relating to the log home, and that thereafter it was Overley who provided the financing to complete the project (Defendant's Brief at 4-5).  Overley further contends that no later than January 2000, he provided the plaintiff's counsel with "detailed information about the log home project, including documentation of expenditures and St. Germain's and Overley's respective involvement in the project." Defendant's Brief at 5-6.  Thus Overley contends that the plaintiff's delay in bringing this action "*for more than 3 years*" (Defendant's Brief at 27;

emphasis in original), or until June 2003, while he continued to finance and complete the project, constitutes a lack of diligence by the plaintiff and resulted in prejudice to him that should bar the granting of the equitable relief sought by plaintiff (Defendant's Brief at 25-31).

In response, plaintiffs asserts that the doctrine of laches may not be invoked, as a matter of law, in cases brought by the United States (Plaintiff's Response at 18).[1] It also denies Defendant Overley's assertion that he provided information to plaintiff's counsel in January 2000, contending that at that time Overley refused to testify regarding his dealings with St. Germain and only testified after being provided immunity in January 2001 (Plaintiff's Response at 4). Arguably, such "unclean hands" might foreclose the equitable defense of laches. Because there is a dispute as to at least these material facts, as well as a number of factual issues raised by the government in its response, summary judgment on the issue of laches cannot be granted.

As to Overley's second argument, it appears that whether the imposition of a constructive trust is an appropriate equitable remedy, or whether a declaratory judgment can be entered, are matters that can only be decided based upon the evidence presented and the Court's view after hearing the evidence, of whether any equitable remedy is appropriate. The Court cannot say as a matter of law that no equitable relief or declaratory judgment will lie in favor of the plaintiff until it receives and weighs the evidence at trial.

---

[1] Although making no ruling on this argument, the Court notes that the decisions cited by plaintiff all relate to cases where the United States appeared in its capacity as a sovereign, whereas in this case it appears as the agent for the party allegedly entitled to restitution.

For these reasons, Defendant Overley's Motion for Summary Judgment (Dkt. # 85) is DENIED.  Overley's Motion for Oral Argument on the summary judgment motion (Dkt. # 99) is likewise DENIED.

As the summary judgment brief filed by Defendant Overley consists of some 44 pages it appears to the Court that a trial brief is not necessary.  Accordingly, Defendant Overley's request for leave to submit a trial brief (Dkt. # 89) is also DENIED.  If at the time of trial there are additional authorities that either party wishes to submit, they may be called to the attention of the Court and they will be considered.

This matter has been set for trial since April 4, 2005.  The asserted "recent" scheduling issues facing co-counsel AUSA Rayford A. Farquhar apparently arose long after this case was set for trial.  It is not clear from plaintiff's motion that it was filed at the earliest opportunity after the purported scheduling conflict arose, or that it was filed consistent with the requirements of D.C.COLO.LCivR 40.2B.  Moreover, plaintiff has had at least two attorneys representing it in this case, and even if Attorney Farquhar is unavailable it is not clear that any prejudice to plaintiff will result.  In addition, as noted above, Defendant Overley argues that this matter has already been delayed too long.

As trial of this equitable matter is scheduled to begin in less than three weeks, the Court finds no good grounds to continue this matter.  The plaintiff's motion to continue the trial and the Final Trial Preparation Conference (Dkt. # 96) is DENIED.

DATED:  August 26, 2005

BY THE COURT:

s/ Phillip S. Figa

_____
Phillip S. Figa
United States District Judge