IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Case No.  03-cv-01041-PSF-BNB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID B. ST. GERMAIN, and
RANDY OVERLEY,

    Defendants.

## ORDER ON POST-TRIAL MOTIONS

THIS MATTER came before the Court for trial on September 19-21, 2005.  At the conclusion of trial, the Court orally entered its Findings of Facts and Conclusions of Law from the bench.  The Court directed that judgment be entered in favor of plaintiff for the imposition of a constructive trust on the property located at 975 North Castlewood Drive, Franktown, Colorado, of which Defendant Randy Overley is the trustee for the benefit of plaintiff and the claim it represents for the creditor of the restitution order against Defendant St. Germain, and that plaintiff shall have as of date of judgment an equitable judgment lien on the referenced property in the principal amount of $75,397 plus interest at the rate of 8% per annum compounded annually from January 15, 2000 to the date of judgment.

This matter now comes before the Court pursuant to Defendant Overley's post-trial Motion To Alter or Amend the Judgment under Rule 59(e), F.R.Civ.P (Dkt. #126),

filed October 3, 2005, his Motion for leave to file an Amended Motion to Alter or Amend the Judgment (Dkt. #127), filed October 5, 2005, and his proposed Amended Motion to Alter or Amend the Judgment (Dkt. #128), filed October 5, 2005.

Defendant's Motion for leave to file an Amended Motion to Alter or Amend the Judgment (Dkt. #127) is GRANTED. Defendant's original Motion To Alter or Amend the Judgment (Dkt. #126) filed under Rule 59(e), F.R.Civ.P on October 3, 2005, is therefore DENIED as moot.

The Court also has received Plaintiff's Opposition to Defendant Overley's Amended Motion To Alter or Amend the Judgment (Dkt. # 130), filed October 21, 2005. That filing contains a request that the Court alternatively "amend the judgment so that the crime victim can be made whole." (Plaintiff's Opposition at 1.) The Court interprets this request to be a motion under Rule 59(e), to alter or amend the judgment.

This request of plaintiff contained in its opposition to Defendant Overley's motion (Dkt. # 130) is DENIED because it was not timely filed within ten days of the entry of the Amended Judgment entered in this case on September 23, 2005, as required by Rule 59(e).

Defendant's Amended Motion to Alter or Amend the Judgment (Dkt. #128), filed October 5, 2005 is DENIED for the following reasons:

Defendant requests this Court to alter or amend the judgment by reducing the amount of the judgment lien. Defendant first argues that the judgment lien should be reduced by $2,850 because the evidence does not support the Court's conclusion that Defendant St. Germain made six payments of $475 in cash to Defendant Overley in

connection with the purchase of the land for the above property. In reaching this conclusion, the Court found that in his trial testimony Defendant Overley "did not deny" receiving such payments.

In his original post-trial motion Defendant Overley first argued that the evidence at trial was that he had denied receiving such payments or could recall no such payments (Defendant's Motion at ¶ 15). In his Amended Motion Defendant Overley changed his tune, and now argues that the evidence at trial showed that at most Defendant Overley made "four–and only four–payments on the land in amounts ranging between $400 and $500." (Amended Motion at ¶15 citing to Exhibit 70.) Apparently the Court is supposed to infer from this that at most Defendant Overley also received no more than four payments of up to $500 from St. Germain, and not the six payments St. Germain testified about. Even if this were so, Defendant Overly received $2,000 from St. Germain, or only $850 less than the Court credited in its Findings of Facts. Given Mr. Overley's vacillation within a matter of days as to what he thinks were the pertinent facts, the Court will not modify the judgment, and instead will stand by its conclusion that sufficient evidence supports a fact finding that $2,850 was paid to Mr. Overley in cash by St. Germain in connection with the land purchase.

Defendant Overley next requests the Court to reduce the judgment lien by approximately $2,060.53 relating to three separate purchases of building supplies from Home Depot, as to which Defendant Overley claims there was insufficient evidence to show that St. Germain paid for the purchases. Trial Exhibit 7 contains numerous documents that St. Germain claimed to be evidence of expenditures he

made for construction of the house, including numerous receipts for purchases at Home Depot. In his testimony Defendant Overley acknowledged that some items reflected on Exhibit 7 "went into the house" but he did not know who paid for all of them. He expressly acknowledged some items which St. Germain paid for, and other items which he insisted he paid for. With respect to the Home Depot charges, Defendant Overley expressly raised an objection to a charge of $8,044.37 and demonstrated to the Court's satisfaction that he, and not St. Germain, paid for that invoice with his credit card. The Court disallowed that amount as part of the judgment lien.

On the other hand, Exhibit 7 reflects three separate purchases at Home Depot: one on October 5, 1999 in the amount of $187.78 (Exhibit 7 at 17); a second on October 4, 1999 in the amount of $976.27 (Exhibit 7 at 18); a third on January 4, 2000, in the amount of $896.48 (Exhibit 7 at 21-22), each of which purchases was paid for in cash according to the receipts. At trial, Defendant Overley did not explicitly or clearly challenge any of the Home Depot invoices contained in Exhibit 7, other than the one for $8,044.37, as being purchases not made by St. Germain as he now does in his post-trial motion. Now Overley argues that there is "no evidence" that the invoices contained in Exhibit 7 were actually paid, or that Defendant St. Germain paid cash. It appears that Overley wants the Court to assume that St. Germain simply walked out of Home Depot without paying for the building supplies, or used someone else's money when paying for those items. St. Germain may be lacking in credibility in certain respects, but the Court will not go so far as to assume the kind of scenario now

suggested by Defendant Overley. Accordingly, the Court stands by its finding that the preponderance of the evidence showed that such items were used for the benefit of building the house, and that St. Germain paid such charges.

Furthermore, the Court notes here, as it did in its Findings of Fact and Conclusions of Law, that Overley admitted that the amount which St. Germain contributed to the house project was approximately $80,000. Accordingly, the Court's conclusion that imposition of a lien in the amount of $75,397 was well within the Court's equitable power given Defendant Overley's own admissions.

Accordingly, Defendant's Amended Motion to Alter or Amend the Judgment (Dkt. #128) is DENIED.

DATED: October 28, 2005.

BY THE COURT:

s/ Phillip S. Figa
_____
Phillip S. Figa
United States District Judge